

# Notice of Service of Process

null / ALL
**Transmittal Number: 22004038**
Date Processed: 09/10/2020

| | |
|---|---|
| **Primary Contact:** | Amanda Ratliff<br>Menard, Inc.<br>5101 Menard Dr<br>Eau Claire, WI 54703-9604 |
| **Electronic copy provided to:** | Andrew Akey<br>Kacie Bertrand<br>Ashley Aubart |

| | |
|---|---|
| **Entity:** | Menard, Inc.<br>Entity ID Number  0033810 |
| **Entity Served:** | Menard, Inc |
| **Title of Action:** | Mike Evon vs. Menard, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2020L009082 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 09/10/2020 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Olivia N. Schwartz<br>312-782-2525 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

FILED
8/25/2020 11:33 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009082

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE EVON, )
)
    Plaintiff, )
) No.: 2020L009082
v. )
) PLEASE SERVE:
MENARD, INC. ) Prentice Hall Corp r/a for Menard, Inc.
) 801 Adlai Stevenson Drive
    Defendant. ) Springfield, IL 62703

10248586

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602.

    You must file within 30 days after service of this summons, not counting the day of service.

    **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

    To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date. This summons may not be served later than 30 days after its date.

    8/25/2020

WITNESS: _____, 2020
(Seal of Court)

_____
**Clerk of Court**
**Date of service:** ____, ____
(To be inserted by officer on copy left with defendant or other person)

NAME: Olivia N. Schwartz
FIRM NO: 24797
Attorney for: Plaintiff
Address: 60 W. Randolph Street, 4th Floor
City: Chicago, Illinois 60601

**Service by Facsimile Transmission will be accepted at:** _____
**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED
8/25/2020 11:33 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009082

10218586

MIKE EVON,

        Plaintiff,

v.

MENARD, INC.

        Defendant.

No.: 2020L009082

*Jury Trial Demanded*

NOW COMES Plaintiff, MIKE EVON, by and through his attorneys, KRALOVEC JAMBOIS & SCHWARTZ., and complaining of the Defendant, MENARD, INC. (hereinafter "Menards"), and states as follows:

1. On and prior to February 13, 2019, the Defendant, Menards, was and still is a Wisconsin corporation doing business in Cook County, Illinois.

2. At the aforesaid time and place, the Defendant, Menards, individually and/or by and through its employees, servants, and/or agents, whether actual or apparent, owned, operated, supervised, managed, and/or maintained, or had a duty to own, operate, manage and/or maintain a certain premises, commonly known as Menards located at 6851 W. 159th Street in Tinley Park, Illinois.

3. At the aforesaid time and place, the Plaintiff, Mike Evon, was a lawful business invitee on the premises located at 6851 W. 159th Street in Tinley Park, Illinois.

4. At the aforesaid time and place, and at all relevant times hereto, business invitees to Menards, including Plaintiff, were encouraged to utilize and routinely utilized the front doors, designated with an "in" sign, to enter the store from the parking lot on 159th Street.

5. At the aforesaid time and place, and at all relevant times, the certain area just inside the aforementioned doors at the ingress of the Menards existed in a dangerous condition where the floor remained saturated with an unnatural accumulation of liquid.

1

6. On or about February 13, 2019, the Plaintiff, Mike Evon, entered into the aforementioned Menards store through the main customer entrance, and upon entering the store, was caused to fall on a certain area of liquid on the floor and sustain severe and permanent injuries.

7. Upon information and belief the certain area of the floor where Plaintiff was caused to fall was known to the Defendant as a hazardous location where a number of previous slip and fall accidents and injuries had occurred.

8. Upon information and belief, the Defendant by and through its employees, servants, and/or agents, whether actual or apparent, caused or contributed to causing the area of floor where Plaintiff fell to remain in a wet and unreasonably slippery condition.

9. Upon information and belief, Defendant had actual and/or constructive notice of the unnatural accumulation of liquid that had built up in the specific area of the floor of its premises and that such unnatural accumulation could cause business invitees lawfully on the property to fall and become injured.

10. At all times relevant herein, Defendant could reasonably expect that invitees on the premises would not know of, nor would be able to discover or realize the danger of the unnatural accumulation of liquid in this area of the floor and that business invitees would have difficulty navigating the hazardous condition.

11. At all times relevant hereto, the Plaintiff, Mike Evon, exercised proper and ordinary care for his own safety, health, and well-being.

12. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to inspect its premises, including the store floor, to ensure that unnatural accumulations of liquid did not exist so as to prevent an unreasonable risk of harm and injury to invitees.

13. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to maintain the property so as to prevent an unreasonable risk of harm and injury to invitees.

14. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant, by and through it employees and/or agents, whether actual or apparent, to refrain from causing an unnatural accumulation of liquid to exist upon the Defendants floor.

15. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to remove or prevent any unnatural accumulations of liquid, from its premises so as to prevent injury to invitees lawfully on its property.

15. At all times relevant hereto, the Defendant had a duty to exercise ordinary care for the Plaintiff's safety.

16. In disregarding the aforementioned duty, the Defendant, Menards, was then and there guilty of one or more of the following careless and negligent acts or omissions:

 a. Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned floor of the premises;

 b. Failed to adequately supervise the premises to insure that proper safety precautions and clean-up procedures were followed;

 c. Maintained an area that presented an unreasonable danger to the health and safety of the Plaintiff;

 d. Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

 e. Failed to provide a warning sign when they knew or reasonably should have known that the aforementioned condition created an unreasonable risk of harm to person lawfully entering the store;

 f. Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

 g. Allowed the aforementioned premises to remain in a dangerously slippery condition, for an unreasonable length of time;

 h. Allowed liquid to accumulate to form a dangerous condition;

 i. Failed to adequately design the means of ingress and egress to the front door of the store;

3

j. Caused and/or created said unnatural accumulation of liquid to develop in the specific area of the store where Plaintiff was caused to slip and fall;

k. Failed to train store workers to properly maintain the area in such a way that liquid would not accumulate on the floor;

l. Failed to train store workers in such a way as to not cause or contribute to the unnatural accumulation of liquid on the floor of the entrance to said premises;

m. Failed to place rubber mats, dry area carpet, or non-slip runner along the entrance of the store, where it was known that liquid would unnaturally accumulate;

n. Invited their patrons, including the Plaintiff, to walk on said floor when they knew or in the exercise of reasonable care should have known that it was unsafe and dangerous to do so due to the unnatural accumulation of liquid on the floor near the entrance of the store;

o. Carelessly and negligently conducted their floor maintenance and cleaning in a manner which increased the likelihood of individuals, including the Plaintiff, to slip and fall on the unnatural accumulation of liquid near the store entrance;

p. Was otherwise careless and negligent in the operation of its premises.

17. As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, the Plaintiff, Mike Evon, sustained severe and permanent injuries, was required to seek extensive medical and surgical consultations and treatments, lost wages, suffered and will continue to suffer great pain, anguish and physical and mental suffering, and has expended and will in the future expend, great sums of money in attempts to be healed and cured of his maladies.

WHEREFORE, the Plaintiff, Mike Evon, prays for a judgment against Defendant, Menard Inc. in such an amount as this Court's jurisdictional requisite as will fully and fairly compensate him for his losses, injuries, damages, as hereinabove alleged.

4

Respectfully Submitted

*One of the Attorneys for the Plaintiff*

Olivia N. Schwartz
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone: (312) 782-2525
Facsimile: (312) 855-0068
Firm No. 24797
E: oschwartz@kjs-law.com

FILED DATE: 8/25/2020 11:33 AM 2020L009082

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MIKE EVON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: |
| | ) |
| MENARD, INC. | ) *Jury Trial Demanded* |
| Defendant. | ) |

## AFFIDAVIT OF DAMAGES
## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that she is the attorney representing the Plaintiff in the above entitled cause of action seeking money damages or collection of taxes and states that this cause of action does exceed $50,000.00.

## CERTIFICATOIN

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that, at this time, the statements set forth in this instrument are true and correct to the best of her knowledge, information, and belief.

Respectfully Submitted

*One of the Attorneys for the Plaintiff*

Olivia N. Schwartz
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone:    (312) 782-2525
Facsimile:     (312) 855-0068
Firm No.       24797
E: oschwartz@kjs-law.com

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MIKE EVON, )
)
Plaintiff, )
v. ) No.: 2020L009082
)
MENARD, INC. ) *Jury Trial Demanded*
Defendant. )

## JURY DEMAND

The undersigned hereby demands a trial by jury.

Respectfully Submitted

*/s/ Olivia Schwartz*

*One of the Attorneys for the Plaintiff*

Olivia N. Schwartz
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone: (312) 782-2525
Facsimile: (312) 855-0068
Firm No. 24797
E: oschwartz@kjs-law.com

FILED DATE: 8/25/2020 11:33 AM 2020L009082

FILED
8/25/2020 11:33 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009082

7