IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE EVON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: 20 CV 5682 |
| v. | ) | |
| | ) | [Formerly Circuit Court of |
| MENARD, INC, | ) | Cook County, Illinois Case |
| | ) | No. 20 L 9082] |
| Defendant. | ) | |

## DEFENDANT MENARD, INC.'S MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Now comes the Defendant, MENARD, INC., by their attorneys, FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C., and for their Memorandum of Law in Support of Summary Judgment, states as follows:

### Background

The plaintiff filed the instant lawsuit alleging personal injuries as a result of a slip and fall that occurred at the Defendant's store in Tinley Park, Illinois on February 13, 2019. (See Plaintiff's Complaint, attached hereto as Exhibit F). Plaintiff alleges that the defendant was negligent in causing him to slip and fall on what plaintiff maintains is an unnatural accumulation of water. (See Exhibit F). Defendant filed an Answer to said Complaint denying all material allegations of negligence. (See Answer, attached hereto as Exhibit G).

### Rule of Law

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265

1

(1986)). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing Celotex, 477 U.S. at 323).

"Under the natural accumulation rule, a landowner or possessor of real property has no duty to remove natural accumulations of ice, snow, or water from its property." *Krywin v. Chicago Transit Authority*, 238 Ill. 3d 215 at 227 (1995). This includes ice, snow, or water that is tracked inside the premises from the outside. *Id.* Even where the landowner has knowledge that the accumulation caused a dangerous condition, there is still no duty to remove the accumulation if it is natural. See *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 956 (1991). An owner or operator is not liable for injuries sustained due to a natural accumulation of tracked in water even at the sole point of egress or ingress. See *Reed v. Galaxy Holdings, Inc.*, 914 N.E. 2d 632 at 638 (2009).

The length of time a natural accumulation remains on the property is irrelevant because landowners are not liable for failing to remove natural accumulations of water and have no duty to warn of such conditions. See *Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39 at 42. A voluntary undertaking to remove tracked-in water or minimize the any hazard posed by it does not create any duty on the part of a landowner. See *Swartz v. Sears, Roebuck & Co.*, 264 Ill. App. 3d 254, 265 (1993).

**<u>Argument</u>**

In the case at hand, plaintiff slipped and fell on water in front of the cart corral (Defendant SOF#8, 9). The shopping carts were wet from the outside (Defendant SOF #10, 31, 33). It had snowed the night prior (Defendant SOF #33, 34) and the parking lot and pavement were wet (Defendant SOF # 21, 22). The store surveillance footage reveals that the parking lot and pavement in front of the entrance were wet and snowy (Defendant SOF#38). The water near the shopping carts where the plaintiff fell was from the wheels of the carts (Defendant SOF#33).

The instant case is similar to *Bilek v. Wal-Mart Stores, Inc.*, 2017 IL App (1st) 163110-U (IL SCT Rule 23 Order). In *Bilek*, the appellate court affirmed the circuit court's order granting summary judgment in favor of the defendant as there was no genuine issue of material fact that the plaintiff slipped on a natural accumulation of water. Id. at *1. In *Bilek*, plaintiff slipped and fell on water from snowy and icy shopping carts that were brought into the store by defendant employees. Id. at *2.

The instant case is analogous to *Domkiene v. Menard, Inc.*, 2016 WL 4607888 (2016). In *Domkiene*, the plaintiff slipped and fell on rain water tracked in from customer traffic or from the shopping carts. Id. at *3. It was raining at the time of the incident. Id. at *1. The court held that the plaintiff failed to present evidence that Menards caused an unnatural accumulation of water or aggravated the natural accumulation of water and thus entry of summary judgment in favor of Menard. Id. at *4.

This case is also similar to *Bernard v. Supervalu, Inc.* 2013 WIL 6050616 (2013). In *Bernard*, the plaintiff slipped and fell on water dripping from the shopping carts. Id. at *1. It was raining at the time of the incident and store employees put the wet shopping carts in a designated area for customer use. Id. The court granted defendant's motion for summary judgement, finding that the plaintiff slipped on a natural accumulation of water. Id. at *4.

## Conclusion

There is no question of fact that the Plaintiff slipped and fell on a natural accumulation of water that was tracked in on the wheels of the shopping carts as they went through the wet parking lot. Plaintiff has offered no evidence that the water he slipped on came from any other source and if so, that Menard had notice of same.

WHEREFORE, the Defendant, MENARD, INC., prays that this court enter judgment in their favor and against the Plaintiff.

FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C.

By:     /s/ Marilynn Frangella

Marilynn Frangella # 6271920
FABRIZIO HANSON PEYLA & KAWINSKI, P.C.
Attorneys for Defendant
116 N. Chicago Street – Suite 200A
Joliet, Illinois 60432
(815) 727-5445, Ext. 1315
mfrangella.fhpk@gmail.com

4

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| MIKE EVON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: **2020L009082** |
| | ) |
| MENARD, INC. | ) *Jury Trial Demanded* |
| Defendant. | ) |

FILED
8/25/2020 11:33 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L009082

10218586

NOW COMES Plaintiff, MIKE EVON, by and through his attorneys, KRALOVEC JAMBOIS & SCHWARTZ., and complaining of the Defendant, MENARD, INC. (hereinafter "Menards"), and states as follows:

1.      On and prior to February 13, 2019, the Defendant, Menards, was and still is a Wisconsin corporation doing business in Cook County, Illinois.

2.      At the aforesaid time and place, the Defendant, Menards, individually and/or by and through its employees, servants, and/or agents, whether actual or apparent, owned, operated, supervised, managed, and/or maintained, or had a duty to own, operate, manage and/or maintain a certain premises, commonly known as Menards located at 6851 W. 159th Street in Tinley Park, Illinois.

3.      At the aforesaid time and place, the Plaintiff, Mike Evon, was a lawful business invitee on the premises located at 6851 W. 159th Street in Tinley Park, Illinois.

4.      At the aforesaid time and place, and at all relevant times hereto, business invitees to Menards, including Plaintiff, were encouraged to utilize and routinely utilized the front doors, designated with an "in" sign, to enter the store from the parking lot on 159th Street.

5.      At the aforesaid time and place, and at all relevant times, the certain area just inside the aforementioned doors at the ingress of the Menards existed in a dangerous condition where the floor remained saturated with an unnatural accumulation of liquid.

1

FILED DATE: 8/25/2020 11:33 AM   2020L009082



FILED DATE: 8/25/2020 11:33 AM   2020L009082

6.      On or about February 13, 2019, the Plaintiff, Mike Evon, entered into the aforementioned Menards store through the main customer entrance, and upon entering the store, was caused to fall on a certain area of liquid on the floor and sustain severe and permanent injuries.

7.      Upon information and belief the certain area of the floor where Plaintiff was caused to fall was known to the Defendant as a hazardous location where a number of previous slip and fall accidents and injuries had occurred.

8.      Upon information and belief, the Defendant by and through its employees, servants, and/or agents, whether actual or apparent, caused or contributed to causing the area of floor where Plaintiff fell to remain in a wet and unreasonably slippery condition.

9.      Upon information and belief, Defendant had actual and/or constructive notice of the unnatural accumulation of liquid that had built up in the specific area of the floor of its premises and that such unnatural accumulation could cause business invitees lawfully on the property to fall and become injured.

10.     At all times relevant herein, Defendant could reasonably expect that invitees on the premises would not know of, nor would be able to discover or realize the danger of the unnatural accumulation of liquid in this area of the floor and that business invitees would have difficulty navigating the hazardous condition.

11.     At all times relevant hereto, the Plaintiff, Mike Evon, exercised proper and ordinary care for his own safety, health, and well-being.

12.     At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to inspect its premises, including the store floor, to ensure that unnatural accumulations of liquid did not exist so as to prevent an unreasonable risk of harm and injury to invitees.

13.     At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to maintain the property so as to prevent an unreasonable risk of harm and injury to invitees.

2

14. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant, by and through it employees and/or agents, whether actual or apparent, to refrain from causing an unnatural accumulation of liquid to exist upon the Defendants floor.

15. At the aforesaid time and place, and at all relevant times, it was the duty of the Defendant to remove or prevent any unnatural accumulations of liquid, from its premises so as to prevent injury to invitees lawfully on its property.

15. At all times relevant hereto, the Defendant had a duty to exercise ordinary care for the Plaintiff's safety.

16. In disregarding the aforementioned duty, the Defendant, Menards, was then and there guilty of one or more of the following careless and negligent acts or omissions:

    a.    Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned floor of the premises;

    b.    Failed to adequately supervise the premises to insure that proper safety precautions and clean-up procedures were followed;

    c.    Maintained an area that presented an unreasonable danger to the health and safety of the Plaintiff;

    d.    Failed to warn the Plaintiff and other persons lawfully on said premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff;

    e.    Failed to provide a warning sign when they knew or reasonably should have known that the aforementioned condition created an unreasonable risk of harm to person lawfully entering the store;

    f.    Failed to make a reasonable inspection of its premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Plaintiff and others lawfully on said premises;

    g.    Allowed the aforementioned premises to remain in a dangerously slippery condition, for an unreasonable length of time;

    h.    Allowed liquid to accumulate to form a dangerous condition;

    i.    Failed to adequately design the means of ingress and egress to the front door of the store;

3

FILED DATE: 8/25/2020 11:33 AM   2020L009082

FILED DATE: 8/25/2020 11:33 AM   2020L009082

j.    Caused and/or created said unnatural accumulation of liquid to develop in the specific area of the store where Plaintiff was caused to slip and fall;

k.    Failed to train store workers to properly maintain the area in such a way that liquid would not accumulate on the floor;

l.    Failed to train store workers in such a way as to not cause or contribute to the unnatural accumulation of liquid on the floor of the entrance to said premises;

m.    Failed to place rubber mats, dry area carpet, or non-slip runner along the entrance of the store, where it was known that liquid would unnaturally accumulate;

n.    Invited their patrons, including the Plaintiff, to walk on said floor when they knew or in the exercise of reasonable care should have known that it was unsafe and dangerous to do so due to the unnatural accumulation of liquid on the floor near the entrance of the store;

o.    Carelessly and negligently conducted their floor maintenance and cleaning in a manner which increased the likelihood of individuals, including the Plaintiff, to slip and fall on the unnatural accumulation of liquid near the store entrance;

p.    Was otherwise careless and negligent in the operation of its premises.

17.    As a direct and proximate result of the aforesaid careless and negligent acts of the Defendant, the Plaintiff, Mike Evon, sustained severe and permanent injuries, was required to seek extensive medical and surgical consultations and treatments, lost wages, suffered and will continue to suffer great pain, anguish and physical and mental suffering, and has expended and will in the future expend, great sums of money in attempts to be healed and cured of his maladies.

WHEREFORE, the Plaintiff, Mike Evon, prays for a judgment against Defendant, Menard Inc. in such an amount as this Court's jurisdictional requisite as will fully and fairly compensate him for his losses, injuries, damages, as hereinabove alleged.

4

FILED DATE: 8/25/2020 11:33 AM   2020L009082

Respectfully Submitted

One of the Attorneys for the Plaintiff

Olivia N. Schwartz
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone:     (312) 782-2525
Facsimile:     (312) 855-0068
Firm No.       24797
E: oschwartz@kjs-law.com

5

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

|  |  |  |
|---|---|---|
| MIKE EVON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No.: |
| | ) | |
| MENARD, INC. | ) | *Jury Trial Demanded* |
| Defendant. | ) | |

## AFFIDAVIT OF DAMAGES
## SUPREME COURT RULE 222

The undersigned being first duly sworn upon oath, deposes and states that she is the attorney

representing the Plaintiff in the above entitled cause of action seeking money damages or collection of taxes

and states that this cause of action does exceed $50,000.00.

## CERTIFICATOIN

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that, at this time, the statements set forth in this instrument are true and correct to the best of her knowledge, information, and belief.

Respectfully Submitted

_One of the Attorneys for the Plaintiff_

Olivia N. Schwartz
KRALOVEC, JAMBOIS & SCHWARTZ
60 West Randolph Street, 4th Floor
Chicago, Illinois 60601
Telephone:    (312) 782-2525
Facsimile:    (312) 855-0068
Firm No.    24797
E: oschwartz@kjs-law.com

6

FILED DATE: 8/25/2020 11:33 AM   2020L009082

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE EVON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 20 CV 5682 |
| | ) | |
| | ) | [Formerly Circuit Court of |
| MENARD, INC, | ) | Cook County, Illinois |
| | ) | Case No. 20 L 9082] |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the Defendant,

MENARD, INC., and for their Answer and Affirmative Defense to Plaintiff's Complaint,

states as follows:

## ANSWER

1.  Admits.

2.  Admits.

3.  Admits.

4.  Admits that the entrance doors were used for customers entering the store and denies the remaining allegations.

5.  Denies.

6.  Admits that plaintiff entered through the entrance doors and denies the remaining allegations.

7.  Denies.

8.  Denies.

9.  Denies.

1



EXHIBIT
6

10. Denies.

11. Denies.

12. Admits those duties imposed upon them by operation of Illinois Law and denies any breach thereof.

13. Admits those duties imposed upon them by operation of Illinois Law and denies any breach thereof.

14. Admits those duties imposed upon them by operation of Illinois Law and denies any breach thereof.

15. Admits those duties imposed upon them by operation of Illinois Law and denies any breach thereof.

15.(sic) Admits those duties imposed upon them by operation of Illinois Law and denies any breach thereof.

16. Denies the allegations of paragraph 16, including subparagraphs (a) through (o) and denies the legal sufficiency of subparagraph (p) as it fails to allege facts upon which relief may be based.

17. Denies.

WHEREFORE, the Defendant, MENARD, INC., prays that this court enter judgment in their favor and against the Plaintiff, plus costs of suit.

## AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes the Defendant,

MENARD, INC., and for their Affirmative Defenses to Plaintiff's Complaint, states as

follows:

1.     That at the time and place mentioned in the plaintiff's complaint, plaintiff

owed a duty to exercise ordinary care for his safety and the safety of those around him.

2.     In breach of said duty, the plaintiff carelessly and negligently:

    a.     Failed to keep a proper lookout;

    b.     Failed to wipe and/or dry his shoes upon entering the store;

    c.     Tracked in from the outside water, slush, ice and/or snow into the

       store on his feet and/or clothing.

3.     That one or more of the foregoing was a proximate cause of the plaintiff's

fall.

4.     That the plaintiff did not slip and fall due to an unnatural accumulation of

water, ice, snow and/or slush.

WHEREFORE, the Defendant, MENARD, INC., prays that this court enter judgment in their favor and against the plaintiff, or in the alternative, if judgment is entered in favor of the plaintiff, that said judgment be reduced based on the plaintiff's relative degree of fault.

FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C.

By: /s/ Marilynn Frangella

Marilynn Frangella
Attorney for Defendant
FABRIZIO, HANSON, PEYLA & KAWINSKI, P.C.
116 North Chicago Street, Suite 200A
Joliet, IL 60432
815/727-5445
Atty. No.: 6271920

## **PROOF OF SERVICE**

I, Marilynn Frangella, attorney, certify that I served this Answer and Affirmative Defense upon plaintiff's counsel via e-mail at oschwartz@kjs-law.com on September 24, 2020.

/s/ Marilynn Frangella