IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE EVON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 20 CV 5682 |
| | ) | |
| | ) | [Formerly Circuit Court of |
| MENARD, INC, | ) | Cook County, Illinois |
| | ) | Case No. 20 L 9082] |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF UNDISPUTED FACTS

NOW INTO COURT, through undersigned counsel, comes the Defendant, MENARD, INC., and for their Response to Plaintiff's Additional Statement of Undisputed Facts, states as follows:

1. Defendant employee or "carry-out" brought shopping carts from the outside, through the main entrance, on the morning of Plaintiff's fall. Pltf. Ex. E Screen Capture (1).

**RESPONSE:** *Defendant admits this fact.*

2. Plaintiff fell at the front of the line of shopping carts, the same locations where carry out drops off carts brought in from outside. Pltf. Ex. F: Screen Capture (2).

**RESPONSE:** *Defendant admits this fact.*

3. The cart corral door is specifically for the shopping carts to be brought into the building. Pltf. Ex. C Pg. 20: 12-15.

**RESPONSE:** *Defendant admits this fact.*

4. The sole purpose of the cart garage doors is for the carry-outs to bring in shopping carts from the parking lot. Pltf. Ex. B P. 28: 1-4.

**RESPONSE:** *Defendant admits this fact.*

5. Employees bringing the carts in are supposed to go through the cart corral doors. Pltf. Ex. D Pg. 15: 21-24.

**RESPONSE:** *Defendant admits this fact.*

6.      When the carry out brings carts in through the separate cart corral door, the carry out  puts the wet carts at the back of the line of shopping carts. Pltf. Ex. D Pg. 25: 14-18.

**RESPONSE:** *Defendant admits this fact.*

7.      As carry outs bring in more carts, additional carts are placed at the back of the line, pushing the carts in line forward. Pltf. Ex. D Pg. 25: 19-22.

**RESPONSE:** *Defendant admits this fact.*

8.      Inside the cart corral door, there are four rows of shopping carts. Pltf. Ex. D: Pg. 15: 16-18.

**RESPONSE:** *Defendant admits this fact.*

9.      The carry outs are trained on the proper location for the shopping carts. Pltf. Ex. B Pg. 34-:3-8.

**RESPONSE:** *Defendant admits this fact.*

10.      The proper location for a shopping cart is through the cart corral door. Pltf. Ex. B Pg. 34: 9-12.

**RESPONSE:** *Defendant admits this fact.*

11. Written training materials for carry outs do not specifically address how carts are to be brought into the building. Pltf. Ex. D Pg. 27:8-13.

**RESPONSE:** *Defendant admits this fact.*

12.      When the carry outs are trained, they are traiened to bring the carts in through the cart corral door. Pltf. Ex. D: Pg. 41: 4-14.

**RESPONSE:** *Defendant admits this fact.*

13.      Carry outs are not trained to bring shopping carts in through the main customer entrance. Pltf. Ex. C: pg. 38: 21-24; Pg. 39: 1-2.

**RESPONSE:** *Defendant admits this fact.*

14.      Defendant employee, Cole Hickey, was a carry out for nine months. Pltf. Ex. B: Pg. 9: 5-6.

**RESPONSE:** *Defendant admits this fact.*

15.     Prior to the Plaintiff's fall, Defendant employee, Cole Hickey, noticed pooled liquid in the area where customers grab shopping carts more than five times during the nine months that he worked as a carry out. <u>Pltf. Ex. B: Pg. 21: 22-24; Pg. 22: 1-8.</u>

**RESPONSE:**  *Defendant admits this fact.*

16.     Prior to the Plaintiff's fall, Defendant employee, Pam Bamman, noticed liquid on the ground near where the shopping carts are. <u>Pltf. Ex. D: Pg. 23: 14-17.</u>

**RESPONSE:**  *Defendant admits this fact.*

Respectfully Submitted,

/s/ Marilynn Frangella

Marilynn Frangella (6271920)
FABRIZIO, HANSON, PEYLA AND KAWINSKI PC
116 N. Chicago Street, Suite 200A
Joliet, IL 60432
815-727-5445 Ext. 1315
Mfrangella.fhpk@gmail.com