IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE EVON, ) <br> ) <br>               Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> MENARD, INC., ) <br> ) <br>               Defendant. ) <br> ) <br> ) | No. 20 C 05682 <br><br> Magistrate Judge Beth W. Jantz |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mike Evon brought suit against defendant Menard, Inc. ("Menards") following a slip-and-fall incident at Menards' Tinley Park, Illinois location. Defendant now moves for summary judgment, arguing that plaintiff's fall was the result of a natural accumulation of water for which Menards is not liable as a matter of Illinois law. The Court agrees and accordingly enters summary judgment in defendant's favor.

**I.    BACKGROUND**

Plaintiff Mike Evon was a regular shopper at Menards' Tinley Park, Illinois store. Pl's Resp. to Def's Statement of Undisputed Facts ("Pl's SoF Resp."), Dkt. 42 ¶¶ 2-3. On February 13, 2019, Evon arrived at the Tinley Park Menards. *Id.* ¶ 2. The ground outside of the store was wet from either rain or snow on the day of Evon's visit; it had snowed the night before. *Id.* ¶¶ 22, 34. Evon entered the store through the main entrance's "in" door and stomped his feet on the runner in front of the door as he entered. *Id.* ¶¶ 6-7. Plaintiff proceeded to the shopping cart corral and slipped and fell directly in front of the carts. *Id.* ¶ 8. Plaintiff slipped on clear liquid that he

believed to be water; indeed, the shopping carts at the corral where Evon slipped were wet from the outside. *Id*. ¶¶ 9-10. The parties agree that the water near the cart corral came from the wheels of the carts due to snow on the ground outside. *Id*. ¶ 33.

The Tinley Park Menards has a garage door ("cart corral door") next to the entrance door through which Evon entered. *Id*. ¶ 17. The sole purpose of the cart corral door is for shopping carts to be brought into the store from the parking lot. Def's Resp. to Pl's Statement of Additional Undisputed Facts ("Def's Resp. to Pl's SoF"), Dkt. 44 ¶¶ 3-4. Menards' employees bringing in shopping carts from the outside are supposed to go through the cart corral door and are trained to do so. *Id*. ¶¶ 5, 12. When an employee brings carts in through the corral door, wet carts are placed at the back of the line of shopping carts. *Id*. ¶ 6. Menards' employees are not trained to bring shopping carts into the store through the main customer entrance. *Id*. ¶ 13. Nonetheless, surveillance footage shows a Menards' employee bringing carts into the store through the main customer entrance minutes after Evon's fall. Pl's Resp. Br., Exs. E & F, Dkts. 41-6, 41-7.

Evon subsequently filed suit, alleging that Menards' negligence was responsible for his fall. Menards now moves for summary judgment.

## II.   LEGAL STANDARD

Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Weaver v. Speedway, LLC*, 28 F.4th 816, 820 (7th Cir. 2022) (cleaned up). In assessing a summary judgment motion, the court views the record in the light most favorable to the nonmoving party. *Id*. "Although [the Court] construes all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed

by showing an absence of evidence to support the non-moving party's claims." *Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021).

**III.   ANALYSIS**

To prevail on his negligence claim, Evon must show that (1) Menards owed him a duty of care; (2) Menards breached that duty; and (3) Menards' breach proximately caused his injury. *See, e.g., Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 430, 856 N.E.2d 1048, 1053 (2006). Defendant makes a single argument in support of summary judgment: that Evon cannot prevail on a negligence theory because Menards does not owe a duty to protect customers from natural accumulations of water or snow, and the undisputed evidence in this case demonstrates that Evon slipped and fell on a natural water or snow accumulation tracked into the Tinley Park store.

Under Illinois law, "property owners and business operators are not liable for injuries resulting from the natural accumulation of ice, snow, or water that is tracked inside the premise[s] from the outside." *Pearson v. Walmart Inc.*, No. 20-CV-141, 2021 WL 4477816, at *2 (N.D. Ill. Sept. 30, 2021). "Rainwater that is tracked in by customers or employees—including water that falls from objects such as shoes, carts, umbrellas, or other items brought indoors from the outside—qualifies as a 'natural accumulation' under this rule." *Id*. (quoting *Choi v. Commonwealth Edison Co.*, 217 Ill. App. 3d 952, 567 (Ill. App. Ct. 1991)). "Businesses have no duty to remove naturally accumulated rainwater, nor do they have a duty to warn customers of such conditions—and this is true even if the natural accumulation remains on the property for an unreasonable length of time." *Id*. (cleaned up). Moreover, the natural accumulation rule is not an affirmative defense on which the defendant bears the burden of proof; rather, the burden is on the plaintiff to "prove that there was an *unnatural* accumulation of water that [the defendant] created that caused [plaintiff] to slip

3

and fall." *Beaumont v. J.P. Morgan Chase Bank, N.A.*, 782 F. Supp. 2d 656, 661 (N.D. Ill. 2011) (collecting Illinois cases).

In numerous cases, courts have held that water accumulated inside a store from dripping, rain-or-snow-exposed shopping carts brought inside by store employees constitutes a "natural accumulation" under Illinois law. *See, e.g., Bilek v. Wal-Mart Stores, Inc.*, 2017 IL App (1st) 163110-U, ¶ 20 (Ill. App. Ct. 1st Dist. 2017) (granting defendant summary judgment where "snow and ice covered shopping carts were brought inside Wal-Mart's store by its employees; that snow and ice melted into a pool of water; plaintiff slipped on that water; and, while Wal–Mart and [sic] instituted certain policies to warn customers of the hazard of the melted water and to quickly remove that hazard, those policies were not followed on the day of her fall."); *Domkiene v. Menards, Inc.*, No. 15 C 5732, 2016 WL 4607888, at *4 (N.D. Ill. Sept. 6, 2016) ("Moreover, it makes no difference if Menard's employees, as opposed to customers, brought the carts into the store—water would have dripped off the carts regardless."); *Bernard v. Supervalu, Inc.*, No. 12-CV-1482, 2013 WL 6050616, at *3 (N.D. Ill. Nov. 14, 2013) (defendant granted summary judgment under natural accumulation rule where "the water [plaintiff] slipped on . . . entered the building on the carts brought in by Jewel–Osco employees.").

This case is indistinguishable from *Bilek*, *Domkiene*, and *Bernard*. Construing the facts most favorably to Evon, the evidence demonstrates that Evon slipped on water tracked into the store on shopping carts; that the carts had previously been in contact with the wet ground outside the store, as it had snowed the previous day; and that store employees may have brought the wet carts into the store through the main entrance. The water on which Evon slipped was for legal purposes a "natural accumulation," and Menards therefore owed Evon no attendant duty.

4

Thus, unless Evon presents "other evidence that [defendant] caused an unnatural accumulation of water or that [Menards] aggravated the natural accumulation of this water," the natural accumulation rule "warrants entry of summary judgment in [Menards'] favor." *Domkiene*, 2016 WL 4607888, at *4. Evon argues that Menards indeed did aggravate the natural accumulation of water because its employees used the main entrance to bring wet shopping carts into the store instead of using the cart corral door.[1] Evon maintains that Menards employees did so in violation of their training, and despite the fact that the cart corral door exists specifically to avoid the kind of slip-and-fall incident at issue in this case. Accordingly, plaintiff argues that Menards breached its duty to use the cart corral entrance instead of the main entrance in bringing wet shopping carts back into the store.

The problem with this argument is that the failure to abide by a store policy that might have prevented harm to the plaintiff does not permit plaintiff to avoid the import of the natural accumulation rule nor does it create any independent duty. In *Pearson*, for example, the court rejected the argument that the defendant's failure to follow its own internal safety guidelines constituted a breach of duty, noting that "a company's own internal policies cannot give rise to the type of legal duty necessary to support a negligence claim." *Pearson*, 2021 WL 4477816, at *3. Similarly, in *Bilek*, the court recognized that while the defendant "instituted certain policies to warn customers of the hazard of the melted water and to quickly remove that hazard, those policies were not followed on the day of [plaintiff's] fall." *Bilek*, 2017 IL App (1st) 163110-U at ¶ 20. The court nonetheless found that fact insufficient "to take this case out of the rule of non-liability

---

[1] There is no direct evidence that Evon slipped on water from carts brought in through the main entrance of the store; instead, he points to video footage showing employees bringing carts through the main entrance shortly after he fell. Pl's Resp. Br., Exs. E & F. Nonetheless, for purposes of evaluating defendant's summary judgment motion, the Court infers that Evon slipped on water from carts brought in through the main entrance by Menards' employees.

for natural accumulations of water," and subsequently entered summary judgment for the defendant. *Id*.; *see also Domkiene*, 2016 WL 4607888, at *4 n.8 (holding that whether or not defendant violated its own policies is "irrelevant to a determination of whether Menard had a duty to Domkiene with respect to the water on the floor of its store").

Likewise, here, any failure by Menards' employees to follow a policy mandating use of the cart corral door does not take this case outside the ambit of the natural accumulation rule.[2] Moreover, plaintiff (who bears the burden of proof on this point, *see Beaumont*, 782 F. Supp. 2d at 661) has proffered no evidence showing that defendant otherwise aggravated the natural accumulation of water brought about by the wet shopping carts in this case—for instance, by demonstrating that certain properties of the store's floor made dangerous falls more likely.[3] *See, e.g., Reed v. Galaxy Holdings, Inc.*, 394 Ill. App. 3d 39, 43–44, 914 N.E.2d 632, 637 (1st Dist. 2009) (granting summary judgment under natural accumulation rule where plaintiff "failed to present evidence establishing that her injury resulted from a defect in the design, construction, or maintenance of the tile floor or that the premises were not properly illuminated."); *Salgado v. Costco Wholesale Corp.*, No. 20 CV 1869, 2022 WL 114098, at *4 (N.D. Ill. Jan. 12, 2022)

---

[2] Evon also notes that he intends to proffer expert testimony indicating that the purpose of the cart corral door was to prevent snow and ice buildup from the carts inside the store, and that when the cart corral door is used, it is more likely that carts will be dry by the time they reach the front of the shopping cart line. Pl's Resp. Br., Dkt. 41 at 4. Any such testimony, however, would be immaterial to the resolution of this case, as Menards had no legal duty to follow its policy mandating use of the cart corral door in this context, regardless of the policy's purpose or effectiveness. Accordingly, what the Court will construe as plaintiff's request that the Court enter and continue defendant's motion for summary judgment until plaintiff can develop that expert testimony (Pl's Resp. Br. at 4-5) is denied, and defendant's motion to strike plaintiff's request (Def's Reply, Dkt. 43 at 1) is denied as moot.

[3] Plaintiff also appears to argue that defendant "aggravated" the natural accumulation because its employees brought the wet carts into the store, but this view is foreclosed by the numerous cases finding it of no moment that the wet carts were brought into the store by employees, as opposed to customers. See *Bilek*, 2017 IL App (1st) 163110-U, ¶ 20; *Domkiene*, 2016 WL 4607888, at *4; *Bernard*, 2013 WL 6050616, at *3.

("Allegations of defective design or construction . . . can indeed be [an] exception to the natural accumulation rule.")

In short, court after court has held that an accumulation of water inside a store arising from a wet shopping cart brought inside by store employees constitutes a "natural accumulation" of water under Illinois law, from which the store does not have a duty to protect customers. Evon attempts to distinguish this case by citing that Menards' employees failed to follow the store's cart corral policy. But failure to abide by an internal policy does not create a duty where a duty does not otherwise exist. Accordingly, defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

**SO ORDERED.**

Date: 8/11/2022

_____
BETH W. JANTZ
United States Magistrate Judge